Filed 3/4/16  P. v. Wash CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>KENNETH WASH,<br><br>       Defendant and Appellant. | A144772<br><br>(Alameda County<br>Super. Ct. No. CH31435A) |

Defendant Kenneth Wash appeals from the trial court's denial of his petition to recall his sentence under Penal Code section 1170.126.[1]  His appellate counsel asked this court for an independent review of the record to determine whether there are any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Wash was informed of his right to file a supplemental brief, but he did not do so.  We find no arguable issues and affirm.

In 2002, a jury convicted Wash of one count of robbery and found true the allegation that during the robbery's commission he inflicted great bodily injury on an elderly person.[2]  The jury also found he had suffered two prior convictions for robbery and burglary, and he was sentenced to 41 years to life in prison under the Three Strikes law, which "requires criminal sentences to be increased when a defendant has been

---

[1] All further statutory references are to the Penal Code.

[2] The conviction was under section 211, and the sentencing enhancement was found true under former section 12022.7, subdivision (c).

convicted of one or more prior serious or violent felonies, or 'strikes.' "[3]  (*People v. Saez* (2015) 237 Cal.App.4th 1177, 1193.)

Proposition 36, the Three Strikes Reform Act of 2012, added section 1170.126, which "created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety." (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 168.)  In October 2014, proceeding in propria persona, Wash filed a petition to recall his sentence under section 1170.126.  He contended he was eligible for resentencing because the current offense (robbery) was not a strike and his prior conviction for burglary was improperly determined to be a strike.[4] The trial court denied the petition.

It is far from clear that *Wende* review is available in an appeal from the denial of a section 1170.126 petition.  (See *People v. Serrano* (2012) 211 Cal.App.4th 496, 503 [suggesting criminal defendants afforded *Wende* review only in "first appeal of right" from conviction].)  Assuming, without deciding, that such review is available here, we have not discovered any arguable issue raised by the denial of Wash's petition to recall his sentence.  There can be no dispute that robbery is a violent and serious felony. (§§ 667.5, subd. (c)(9) [violent felonies include "[a]ny robbery"], 1192.7, subd. (c)(19) ["robbery or bank robbery" is serious felony].)  Thus, the trial court correctly determined that Wash is ineligible for resentencing under section 1170.126 because his current offense is a strike.  (See § 1170.126, subd. (b); *People v. Yearwood*, *supra*, 213 Cal.App.4th at p. 168.)

---

[3] This court affirmed the judgment in a nonpublished opinion.  (*People v. Wash* (Aug. 7, 2003, A099994) [nonpub. opn.].)

[4] Wash has filed a petition for writ of habeas corpus, pending in this court as *In re Kenneth Wash*, No. A146983, in which he also claims that his burglary conviction is not a strike.

The denial of Wash's petition to recall his sentence under section 1170.126 is affirmed.

_____

Humes, P.J.

We concur:

_____

Margulies, J.

_____

Banke, J.